1
2
3
4
5
6
7
8
9   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    AT TACOMA

10  BRUCE BANKS, individually,
11        Plaintiff,                              Case No.  C03-5533RJB
12        v.                                      ORDER DENYING MOTION FOR
                                                  RECONSIDERATION ON ORDER
13  THE UNITED STATES OF AMERICA,                 REGARDING EMAILS
14        Defendant.

15      This matter comes before the Court on Plaintiff's Motion for Reconsideration on the Order

16  Regarding Emails. Dkt. 56. The Court is familiar with the records and files herein, and all

17  documents filed in support of the Motion.

18  **I.    BASIC and PROCEDURAL FACTS**

19      This is a medical malpractice case filed pursuant to the Federal Tort Claims Act ("FTCA"),

20  28 U.S.C. §§ 1346(b) and 2671-2680. Dkt. 1. The case arises from care Plaintiff received at the

21  Veteran's Affairs Hospital in Seattle. *Id.* Plaintiff argues, in part, that Defendant failed to obtain his

22  informed consent for the laparascopic prostatectomy it performed on January 18, 2001. *Id.* at 3.

23      The original motion arises from Plaintiff's trial counsel's discovery of a series of emails

24  attached to various documents obtained through discovery. Dkt. 42, at 2. After careful review of

25  the emails, this Court determined that the emails were attorney work product and the privilege was

26

not waived. Dkt. 54. Plaintiff was then ordered to return the emails to Defendant. *Id.* Plaintiff now moves this Court to reconsider it's March 22, 2005 order arguing that 1) Defendant waived its work product privilege as to the prior emails and 2) Plaintiff should be allowed to use an additional email it discovered which Defendant inadvertently disclosed. Dkt. 56.

## II.     DISCUSSION

Local Rule of Civil Proc. 7(h) provides that "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff argues that the Court improperly applied the five factor test used to determine if the work product privilege was waived. Dkt. 56. The factors are: "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the 'overriding issue of fairness.'" *Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177 (W.D. Cal. 2001); *Hartford Fire Insurance Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D. Cal. 1985). Plaintiff fails to show a manifest error in the prior ruling as to any of the factors. Plaintiff does not point to legal authority which could not have been brought to the Court's attention earlier with reasonable diligence in regard to any of the factors.

Plaintiff does present new evidence regarding an ambiguity the Court identifies in reference to the fourth factor. The Court noted that the one of the emails referenced "our guys," and found that it is unclear to whom the reference was intended. Dkt. 54, at 7. Plaintiff offered evidence that the only persons to whom that reference could have been made were the doctors involved in his case. Dkt. 57. However, Plaintiff fails to address the other basis that the Court found the extent of the disclosure was not broad, that is, the email was full of double hearsay and ambiguous for other reasons. Moreover, Plaintiff's attempt to narrow the meaning of the "extent of disclosure" factor, by citing to another district court case, is unpersuasive. This Court is persuaded by the more inclusive analysis in *Bagley* regarding the fourth factor.

   The new email Plaintiff discusses in his Motion for Reconsideration does not change the Court's determination.  Plaintiff has failed to show that he could not have, by exercising due diligence, raised this email when he made the first motion to the Court regarding the other emails.  Moreover, the new email does not show that Defendant's precautions to prevent inadvertent disclosure are unreasonable, nor does this email show that Defendant has not properly attempted to rectify the situation.  Defendant has only been aware of the inadvertent disclosure for a little over a month.  Plaintiff states he anticipates Defendant will assert work product privilege as to these emails, and so wants the Court to rule that the privilege is waived and that he can use this email at trial.  Dkt. 56, at 11. However, the Court can not rule on matters not before it.  No assertion of privilege is before the Court and so it is not proper for the Court to determine whether the privilege as to this email has been waived.  This Motion should be denied.

**III.   ORDER**

   Therefore, it is **ORDERED** that

   Plaintiff's Motion (Dkt. 56) is **DENIED**.

   The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

   DATED this 7th day of April, 2005.

   Robert J. Bryan
   United States District Judge